IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHARON SIMMONS, Executrix of the Estate of Sylvia Eris Petty, deceased<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Hartford Life and Accident Insurance Company ("Hartford" or "Defendant") hereby files this Notice of Removal of this case from the Circuit Court of Davidson County, Tennessee, Case No. 09-C-1663, where it is currently pending, to the United States District Court for the Middle District of Tennessee. This cause is removable pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Defendant respectfully shows the Court as follows:

1. Plaintiff Sharon Simmons, in her capacity as Executrix of the Estate of Sylvia Eris Petty, deceased, instituted a civil action against Hartford in the Circuit Court of Davidson County, Tennessee, on May 15, 2009. A true and correct copy of all process and pleadings as served upon Hartford on June 5, 2009 is attached hereto as Exhibit "A" and is incorporated herein by reference.

01810632.1

2. This action could have been originally filed in this Court pursuant to 28 U.S.C. §§ 1332 and 1367, in that there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. This Notice of Removal is filed within thirty (30) days after receipt by Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

4. The United States District Court for the Middle District of Tennessee is the federal judicial district embracing the Circuit Court of Davidson County, Tennessee, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 81(b)(1) and 1441(a).

## DIVERSITY OF CITIZENSHIP

5. Upon information and belief, Plaintiff Sharon Simmons is a resident and citizen of Davidson County, Tennessee. *See* Complaint ("Compl.") at ¶ 1.

6. Defendant Hartford is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Hartford, Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Hartford is a citizen of the State of Connecticut. Hartford is not now, and was not at the time of the filing of the petition, a citizen or resident of the State of Tennessee within the meaning of the Acts of Congress relating to the removal of causes of action.

7. Accordingly, there is complete diversity of citizenship because Plaintiff is a resident of Tennessee and no defendant in this case is a resident of Tennessee.

## AMOUNT IN CONTROVERSY

8. Plaintiff's Complaint does not denominate any specific causes of action, but states that her claim for accidental death benefits was not paid and she "sues the Defendant for the

benefits payable under said accidental death policy in the amount of $100,000 . . ." *See* Complaint at "Wherefore" clause, p.2.

9. In the Sixth Circuit, "[t]he general rule in diversity cases [is] that the amount claimed by the plaintiff in his complaint determines that amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount." *Saltire Industrial, Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 531 (6th Cir. 2007) (quoting *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 884 (6th Cir. 2005)); *Holland v. Lowe's Home Centers, Inc.*, 1999 Tenn. App. LEXIS 27926, *4-5 (6th Cir. Oct. 21, 1999); *see also Nat'l Nail Corp. v. Moore*, 139 F. Supp. 2d 848, 850 (W.D. Mich. 2001) ("The amount in controversy is determined by the allegations in the complaint.")

10. Hartford denies that it breached the accidental death policy and further denies any conduct that would trigger liability. Nonetheless, in evaluating whether subject matter jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy." Plaintiff's demand for $100,000 on the face of her Complaint unequivocally meets the $75,000 jurisdictional threshold.

## **MISCELLANEOUS**

11. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Davidson County, Tennessee, as provided by law, and written notice is being sent to Plaintiff's counsel.

12. Defendant has not sought similar relief.

13. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

3
01810632.1
Case 3:09-cv-00571   Document 1   Filed 06/19/09   Page 3 of 5 PageID #: 3

14. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Middle District of Tennessee.

15. All properly joined and served Defendants join in and consent to removal of this case to the United States District Court for the Middle District of Tennessee, and this cause is removable to the United States District Court for the Middle District of Tennessee.

16. If any question arises as to the propriety of this removal, Defendant respectfully requests the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Hartford Life and Accident Insurance Company, by and through its counsel, prays that the above action currently pending against it in the Circuit Court of Davidson County, Tennessee, be removed therefrom to this Court.

Respectfully submitted this 17th day of June, 2009.

/s/ Grace R. Murphy
William B. Wahlheim, Jr.
Grace Robinson Murphy

Attorneys for Defendant Hartford Life and Accident Insurance Company [applications for admission *pro hac vice* to be filed]

**OF COUNSEL:**
T. Louis Coppedge (TN Bar No. 14801)
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

# CERTIFICATE OF SERVICE

        I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 17th day of June, 2009:

Robert F. Spann
Attorney at Law
1312 6th Avenue, North
Nashville, Tennessee 37208

                                            *Grace R. Murphy*
                                            OF COUNSEL